NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 31, 2009*
Decided April 1, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-3907 | |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | |
| JEFFREY L. LORANGER, *Defendant-Appellant.* | No. 07-CR-082-S John C. Shabaz, *Judge*. |

**Order**

Jeffrey Loranger, who has been convicted of possessing a firearm despite an earlier felony conviction, see 18 U.S.C. §922(g)(1), asked for a below-Guidelines sentence on the ground that he suffers from post-traumatic stress disorder attributable to his military service in Vietnam. During the course of sentencing the district judge said that no medical evidence supports Loranger's argument. He contends that the judge erred, and the prosecutor has confessed error.

The judge stated that Loranger could not find "any medical doctor who would sustain" a diagnosis of post-traumatic stress disorder, and that no evidence in the record shows that Loranger ever experienced trauma. Yet, as the judge had recognized earlier in the proceeding, Dr. Jeffrey Schiffman diagnosed Loranger as a victim of post-traumatic stress disorder. The prosecutor has not questioned that diagnosis; there is no contrary evidence of record. The judge's finding therefore is clearly erroneous.

It is difficult to say whether the judge's error affected the sentence. Because the prosecutor bears the risk of non-persuasion on harmless-error analysis, see *O'Neal v.*

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

*McAninch*, 513 U.S. 432 (1995), a remand for resentencing is appropriate. This is not to say that Loranger necessarily is entitled to a lower sentence; it is only to say that he is entitled to be sentenced free of any material misconceptions about his mental condition. On remand the district court also should consider Loranger's request that his federal sentence run concurrently with his undischarged state sentence.

VACATED AND REMANDED